IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ADVANCED PAIN MEDICAL GROUP, INC., and J & J REAL PROPERTIES – STEVENSVILLE LLC, a Montana limited liability company,<br><br>    Plaintiffs,<br><br>vs.<br><br>EMMITT BLAINE BUCHANAN, STANELY "CADE" BUCHANAN and MAYSEN BUCHANAN,<br><br>    Defendants. | CV 24-141-BLG-TJC<br><br><br><br><br><br>**ORDER** |

  Defendant Stanley "Cade" Buchanan ("Buchanan") has filed a Motion To Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. 12.)[1] The motion is fully briefed and ripe for the Court's review. (Docs. 13, 14, 15.) For the following reasons, Buchanan's motion is DENIED.

  Nevertheless, Plaintiffs' Complaint is deficient on other grounds not raised by Buchanan, and must be amended.

---

[1] Plaintiffs' Complaint spells Buchanan's first name as "Staneley," and this is how it is listed in the caption of the parties' filings, including those of Buchanan. Because Buchanan otherwise spells it as "Stanley" when referring to himself in the bodies of the documents he has filed with this Court, however, the Court assumes this is the correct spelling.

1

I.  **BACKGROUND**

The following facts are taken from the Complaint filed on September 18, 2024, by Plaintiffs J & J Real Properties – Stevensville LLC ("J&J") and Advanced Pain Medical Group, Inc. (collectively "Plaintiffs").

J&J is the owner of a ranch in Roberts, Montana. Beginning in October 2021, J&J employed Buchanan's parents as co-managers of its ranch. In July 2023, however, Buchanan's parents were terminated from their positions as co-managers of the ranch. (Doc. 1 at 2–3.)

After Buchanan's parents' termination from the ranch on approximately July 15, Plaintiffs discovered that various equipment had been taken. This equipment included "saddlery, equestrian equipment, tools, skid steer and tractor accessories, computer and electronic equipment, and veterinary supplies and equipment." Plaintiffs had purchased this equipment during Buchanan's parents' employment at the ranch, to be stored at the ranch and used in ranch operations. Plaintiffs allege that Buchanan and his siblings—the two other Defendants in this suit—had regular access to the ranch and took the equipment without authorization. (*Id.* at 3.)

In their Complaint, Plaintiffs bring causes of action for conversion and trespass to chattels. Further, Plaintiffs assert this Court has subject matter jurisdiction pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a). Buchanan, as the only defendant who has been served and has appeared in this

action, moves to dismiss this case for lack of subject matter jurisdiction under Rule 12(b)(1).  Buchanan asserts that Plaintiffs' Complaint fails to allege facts sufficient to satisfy the amount-in-controversy requirement of diversity jurisdiction.

## II.     LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs a motion to dismiss for lack of subject matter jurisdiction.  Under Rule 8, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1).  To claim diversity of citizenship as the grounds for subject matter jurisdiction, the plaintiff must allege (1) that the parties are completely diverse based on their respective citizenship—e.g., as "citizens of different States"—and (2) that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

How the court treats the complaint's allegations when considering a motion to dismiss under Rule 12(b)(1) depends on whether the motion is a "facial" or "factual" challenge.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a factual attack, where the defendant contests the truth of the plaintiff's factual allegations, the district court may look beyond the complaint to extrinsic evidence.  *Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014); *Safe Air for Everyone*, 373 F.3d at 1039.  *See also Ito v. Stanford Univ.*, 2011 WL 2847433, at

3

\*1 (N.D. Cal. July 18, 2011). A facial attack on subject matter jurisdiction, however, is one that asserts that the jurisdictional allegations in the complaint are insufficient on their face. *Safe Air for Everyone*, 373 F.3d at 1039. Thus, the district court resolves a facial challenge as it would a motion to dismiss under Rule 12(b)(6)—i.e., "[a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Leite*, 749 F.3d at 1121.

## III. DISCUSSION

The Court must address two questions regarding the existence of subject matter jurisdiction in this action. Buchanan raises the first issue while the Court raises the second sua sponte.

### A. Amount in Controversy

As the grounds for his Motion To Dismiss, Buchanan argues that Plaintiffs did not properly plead diversity jurisdiction in their Complaint. Buchanan asserts that "Plaintiffs fail to allege in good faith any sort of monetary harm they suffered," and do not even "plead their damages are in excess of $75,000." (Doc. 13 at 4.) Specifically, Buchanan contends that Plaintiffs' allegation that "[t]he amount in controversy in this action . . . exceeds the minimum amount specified in 28 U.S.C.A. § 1332" is insufficient to establish the amount-in-controversy requirement. (*See* Doc. 1 at 2.)

/ / /

In response, Plaintiffs argue that the amount-in-controversy requirement is met because "there is evidence of damages exceeding $75,000." (Doc. 14 at 3.) In support of their position, Plaintiffs have filed a declaration provided by Paul Johnson, who attaches to his declaration a list of equipment missing from the ranch and the estimated value of that equipment. (Doc. 15.) Mr. Johnson's list estimates a total value of $76,475 for the missing equipment. (*Id.* at 6.)

In reply, Buchanan states that his motion is a facial challenge asserting that the allegations in Plaintiffs' Complaint, even if accepted as true, are insufficient on their face to establish jurisdiction. (Doc. 20 at 3.) In other words, Buchanan does not dispute the truth of the allegations as one would in a factual attack. Buchanan argues, therefore, that the extrinsic evidence submitted in Mr. Johnson's declaration cannot be considered in ruling on the Motion To Dismiss. (*Id.*)

"When a plaintiff files suit in federal court, we use the 'legal certainty' test to determine whether the complaint meets § 1332(a)'s amount in controversy requirement." *Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015). Under this test, "[t]he amount in controversy alleged by the [plaintiff] controls so long as the claim is made in good faith. To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (internal citations and quotation marks omitted).

Buchanan cites *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770 (9th Cir. 2017), for the rule that "[c]onclusory allegations as to the amount in controversy are insufficient." *Id.* at 774. (*See* Doc. 20 at 4–5.) The rule in *Corral*, however, applies in cases where the defendant has removed the action to federal court. *See id.* In such cases, it is the defendant's burden to establish the amount in controversy by a preponderance of the evidence, which the defendant cannot do when relying solely on conclusory allegations regarding the amount in controversy in the complaint. *Id.* at 776 (concluding that "it is not evident from the face of the complaint that $75,000 is at issue, and SPS, as the party with the burden to demonstrate jurisdiction, did not present any evidence to the district court aside from the amount of indebtedness in opposition to Corral's motion to remand").

"But that more searching inquiry is inapplicable where, as here, the plaintiff files suit originally in federal court, the case raises traditional state tort claims, and the complaint affirmatively alleges that the amount in controversy exceeds the jurisdictional threshold." *Naffe*, 789 F.3d at 1040. In other words, "when a case is originally filed in federal court, a general conclusory allegation that the damages exceed the jurisdictional limit is usually sufficient." *FL1 v. Duncan*, 2019 WL 3766385, at *2 (C.D. Cal. Aug. 9, 2019).

Here, based on the allegations included in the Complaint, the Court is satisfied that Plaintiffs pleaded in good faith that the value of the equipment

6

exceeds the jurisdictional amount.  The Court cannot conclude that it appears to a legal certainty that the claim is for an amount that does not exceed $75,000.  Therefore, dismissal is not justified on these grounds.

Accordingly, Plaintiffs' Motion To Dismiss for failure to satisfy the amount-in-controversy requirement on the face of the Complaint is DENIED.

### B. Diversity of Citizenship

The Court has an obligation to independently review whether it has subject matter jurisdiction before it considers the merits of a case.  *See Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  Consistent with this obligation, the Court raises sua sponte one additional issue pertaining to the sufficiency of Plaintiffs' allegations of subject matter jurisdiction in the Complaint.  Specifically, Plaintiffs have failed to include sufficient facts to allege the citizenship of J&J and establish diversity of citizenship.

A limited liability company is the citizen of every state where any one of its members is a citizen.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Thus, to properly establish diversity jurisdiction "with respect to a limited liability company, the citizenship of all of the members must be pled." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016).

Here, Plaintiffs have included no allegations in the Complaint regarding the identity of J&J's members or the states of which those members are citizens.

Plaintiffs provide only that J&J is a "Montana limited liability company" with its principal place of business in California. Without any other facts, Plaintiffs go on to represent that J&J is a citizen of California. Because Plaintiffs assert that all Defendants are citizens of Montana, however, the presence of any Montana citizen among the members of J&J will defeat diversity jurisdiction.[2]

Therefore, Plaintiffs' Complaint lacks a statement of the grounds for the Court's subject matter jurisdiction, and the Court cannot conclude it has jurisdiction over this matter.

### C. Amended Complaint

"Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." *In re Dynamic Random Access Memory Antitrust Litig. v. Micron Tech., Inc.*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Nevertheless, a district court has discretion "to decide if the complaint should be dismissed for lack of subject matter jurisdiction, or if plaintiff should be given leave to amend to allege diversity jurisdiction." *Segundo Suenos, LLC v.*

---

[2] Mr. Johnson's declaration indicates that one of J&J's members is the Paul and Roberta Family Trust, and that Mr. Johnson is one of the latter's trustees. Similar to limited liability companies, "[a] trust has the citizenship of its trustee or trustees." *Johnson*, 437 F.3d at 899. Therefore, the presence of any Montana citizen among the trustees of the Paul and Roberta Family Trust, whether it be Mr. Johnson or some other unnamed trustee, will also defeat diversity jurisdiction.

*Jones*, 494 Fed. App'x 732, 735 (9th Cir. 2012). In the absence of factors such as undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment, leave to amend should be freely given. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In other words, "a district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist, even though the complaint inadequately alleges jurisdiction." *Turner v. Modesto Police Dep't*, 2023 WL 4424588, at *7 (E.D. Cal. July 10, 2023); *Lautemann v. Bird Rides, Inc.*, 2019 WL 1670814, at *3 (C.D. Cal. Mar. 28, 2019); *Edwards v. Pac. Cycles, Inc.*, 2018 WL 6588525, at *1 (S.D. Cal. Sept. 11, 2018). *See also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Here, the Court finds the circumstances favor granting Plaintiffs leave to amend. This would be Plaintiffs' first amendment, and the Court cannot say at this juncture that such an amendment would be futile. Further, there is no indication that Plaintiffs have engaged in bad faith. Although allowing this amendment will delay the resolution of this suit, it is in the interests of all parties that any outstanding jurisdictional questions be resolved at the outset of this litigation and without further delay. For this reason, the Court also does not find that

Buchanan—or the other Defendants, who have yet to appear—will suffer undue prejudice.

Accordingly, Plaintiffs shall be granted leave to file an amended complaint if they can properly plead diversity jurisdiction under § 1332. This leave does not extend to adding new causes of action, but Plaintiffs may include additional facts relating to the allegations in their first Complaint. Failure to allege facts sufficient to establish subject matter jurisdiction on the face of the amended complaint, however, will subject it to dismissal.

## IV.   CONCLUSION

Based on the foregoing, IT IS ORDERED:

1. Buchanan's Motion To Dismiss is DENIED.

2. On or before August 12, 2025, Plaintiffs shall file either an amended complaint or a motion for voluntary dismissal.

DATED this 22nd day of July, 2025.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge